IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JANA LATCHAM and CORNELIA KUEHL, Each Individually and on Behalf of all Others Similarly Situated** — **PLAINTIFFS**

vs. No. 4:16-cv-582-BSM

**U.S. PIZZA COMPANY, INC.** — **DEFENDANT**

**DECLARATION OF CORNELIA KUEHL**

I, Cornelia Kuehl, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Cornelia Kuehl, and I am over the age of eighteen (18) and duly qualified to execute this declaration

2. I am currently a resident and domiciliary of the State of Arkansas.

3. I was employed by Defendant U.S. Pizza Company, Inc. (hereinafter "Defendant"), to work as a server within three (3) years of the filing of this lawsuit.

4. Specifically, I was employed as a server for Defendant from approximately October of 2011 to May of 2016, at Defendant's restaurant, U.S. Pizza Co., located at 4001 McCain Park in North Little Rock, Arkansas (hereinafter "U.S. Pizza Co.-McCain).

5. Defendant operates ten restaurants throughout Arkansas, all under the name U.S. Pizza Co. Defendant distinguishes the restaurants by their locations – either the street, neighborhood, or city.

6. Defendant's ten restaurants, as designated by Defendant, include U.S. Pizza Co.-McCain, U.S. Pizza Co.-Fair Park, U.S. Pizza Co.-Fayetteville, U.S. Pizza Co.-Heights, U.S. Pizza Co.-Hillcrest, U.S. Pizza Co.-Levy, U.S. Pizza Co.-Maumelle, U.S. Pizza Co.-Rodney Parham, U.S. Pizza Co.-Sherwood, and U.S. Pizza Co.-Springhill.

7. I filed this lawsuit on behalf of myself and on behalf of other similarly situated servers for Defendant, who were all paid the same way as I was.

8. As a server at U.S. Pizza Co.-McCain, my job duties included taking customer orders, bringing food to customers' tables, and otherwise meeting the dining needs of Defendant's customers.

9. These were the same job duties performed by other servers at U.S. Pizza Co.-McCain. I know this because I observed other servers performing their job duties and because Defendant instructed its servers that these were a server's job duties.

10. These are also the same job duties performed by servers at Defendant's other restaurants. I know this because these are the common duties of servers at restaurants, generally, and because Defendant informed me that this was their standard practice at all of its restaurants.

11. I have eaten at U.S. Pizza Co.-Sherwood and U.S. Pizza Co.-Hillcrest and observed that the duties of servers at those restaurants are the same as the duties of servers at U.S. Pizza Co.-McCain.

12. As a server for Defendant, I was paid an hourly rate of $2.63 per hour. I was informed by Defendant that this was the hourly rate paid to all servers employed by

Defendant, not only at U.S. Pizza Co.-McCain, but at all other restaurants operated by Defendant.

13. Defendant paid me $2.63 per hour regardless of the type of work I performed. In addition to serving customers, I was required to perform such tasks as answering phones, cutting fruit, and folding pizza boxes.

14. I and other servers spent more than 20% of our time on tasks that were not related to serving customers.

15. I, along with all other servers for Defendant, depended primarily upon payment of tips by customers to earn an hourly rate of minimum wage or more.

16. Defendant had a mandatory policy of collecting tips earned by servers and redistributing those tips among servers, as well as kitchen staff including cooks, dishwashers, and other individuals who do not have contact with customers and who do not customarily, regularly or usually receive tips. I know this because Defendant informed me that this was its policy and because other employees of Defendant informed me that they received a portion of the redistributed tips.

17. It was clear that the system of collecting and redistributing tips was Defendant's standard policy because I observed the same tip jar system in place at U.S. Pizza Co.-Sherwood and U.S. Pizza Co.-Hillcrest that we used at U.S. Pizza Co.-McCain.

18. During my employment with Defendant, I spoke with my supervisors about why servers' tips were being distributed in the manner described above. I was told that this was Defendant's policy and that this was the way that Defendant distributed tips.

19. I complained to Defendant about Defendant's policies regarding the collection and redistribution of tips, but nothing was done as the result of these complaints.

20. At the time I was employed at U.S. Pizza Co.-McCain, there were ten or more other servers working there. Given the turnover rates I observed at U.S. Pizza Co.-McCain, and the size of Defendant's other restaurants, I estimate that there are at least two hundred other class members in this case.

21. Based on my experience and conversations with other servers for Defendant, I believe other servers would be interested in participating in this lawsuit.

22. I believe I can fairly and adequately protect and represent the interests of other servers who were employed by Defendant.

23. I am interested in the outcome of the case because I believe that Defendant's manner of distributing tips described above is unlawful and should change.

24. I am familiar with Defendant's practices relating to the collection and distribution of tips to servers.

25. I am willing to participate in this litigation as recommended by my attorneys.

26. I am able to assist my attorneys in making decision about the conduct of this litigation.

27. I am not aware of any conflicts that I have with other class members that would prevent me from adequately representing their interests, and I have not colluded with any other class members.

28. I am happy to provide any other information regarding my adequacy to represent the class that is requested by the Court. I am also willing to participate in any hearings or attend any proceedings in this case.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 17th day of February, 2017.

Cornelia Kuehl

**CORNELIA KUEHL**