IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JANA LATCHAM and CORNELIA KUEHL, Each Individually and on Behalf of all Others Similarly Situated** **PLAINTIFFS**

vs. No. 4:16-cv-582-BSM

**U.S. PIZZA COMPANY, INC.** **DEFENDANT**

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, FOR DISCLOSURE OF CONTACT INFORMATION, AND TO SEND NOTICES**

## I. INTRODUCTION

Plaintiffs, former employees of Defendant, brought this lawsuit on behalf of all former and current tipped employees of Defendant who are or were paid less than minimum wage and who were required to contribute a portion of their tips to tip pools. Defendant operates ten restaurants throughout Arkansas, all under the name U.S. Pizza Co., but distinguished by Defendant by their locations. The restaurants are U.S. Pizza Co.-McCain, U.S. Pizza Co.-Fair Park, U.S. Pizza Co.-Fayetteville, U.S. Pizza Co.-Heights, U.S. Pizza Co.-Hillcrest, U.S. Pizza Co.-Levy, U.S. Pizza Co.-Maumelle, U.S. Pizza Co.-Rodney Parham, U.S. Pizza Co.-Sherwood, and U.S. Pizza Co.-Springhill. Tipped employees at these restaurants were required to unlawfully split their tips with customarily non-tipped employees, resulting in tipped employees receiving less than the amount mandated by law.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs filed their Motion for Conditional

Certification, for Disclosure of Contact Information, and To Send Notices (hereinafter "Motion for Conditional Certification") as representatives of the following proposed Fair Labor Standards Act ("FLSA") class:

> **All persons whom U.S. Pizza Company, Inc. classified as tipped employees at any time after August 12, 2013.**

## II. ARGUMENT

This Argument Section is broken into two distinct sections: A and B. Section A argues that this Court should conditionally certify the proposed class as a FLSA collective action for purposes of sending early notice to other similarly situated potential plaintiffs. Section B explains the practical, common-sense steps this Court should take to facilitate notice to potential plaintiffs if this Court grants conditional certification of this case.

### A. This Court Should Conditionally Certify the Proposed Class as a Collective Action for Notice Purposes.

This Court should conditionally certify the proposed class as a collective action for notice purposes. Section 1 below explains legally what conditional certification in an FLSA case means and what Plaintiffs must legally prove in order to have this case conditionally certified as a "collective action." Section 2 describes how and why Plaintiffs have met the lenient standard for conditional certification of a collective action in this stage of the case.

1. <u>Plaintiffs may obtain early conditional certification of a class if Plaintiffs make a modest factual showing that Plaintiffs are "similarly situated" to the other proposed class members.</u>

Plaintiffs may obtain early conditional certification of a class if Plaintiffs make a modest factual showing that Plaintiffs are "similarly situated" to the other proposed class

members. In *Hoffmann-La Roche, Inc. v. Sperling*, the Supreme Court of the United States held that district courts have the discretion to certify a class and issue orders authorizing notice to potential members of a collective action of the opportunity to "opt-in" to a collective action. 493 U.S. 165, 169 (1989). The key issue presented to the court exercising its discretion to certify a collective class is whether the persons to whom notice would go are "similarly situated" to plaintiffs. 29 U.S.C. § 216(b); *O'Brien v. Ed Donnelly Enters., Inc*., 575 F.3d 567, 583 (6th Cir. 2009); *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001).

Neither the FLSA nor the Eighth Circuit have expressly defined what "similarly situated" means for purposes of determining when a collective action is appropriate; however, a majority of district courts in the Eighth Circuit have adopted the two-tiered approach to certification of collective actions, as established by *Mooney v. Aramco Service*, 4 F.3d 1207 (5th Cir. 1995). *See, e.g.*, *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007); *Madden v. Lumber One Home Center of Stuttgart, Inc.*, No. 4:10-CV-1162-JLH, 2010 U.S. Dist. LEXIS 127558, at *13 (E.D. Ark. Dec. 2, 2010); *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890–891 (N.D. Iowa 2008).

This two-tiered approach envisions an initial "conditional certification" for notice purposes early on in a case (known as the "notice stage"), and then a second opportunity to evaluate the propriety of certification when a defendant moves for decertification following the close of discovery. *Salter v. Onyx Corp.*, No. No. 4:10-CV-906-JLH, 2011 U.S. Dist. LEXIS 23291, at *3 (E.D. Ark. Feb. 24, 2011); *See also Robertson v. LTS Management Services, LLC*, 642 F. Supp. 922, 925 (W.D. Mo. 2008).

This two-step certification inquiry is described in *Mooney* as follows:

> The first determination is made at the so-called "notice-stage." At the notice stage, the district court makes a decision—usually only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the Court has minimal evidence this determination is made using a fairly lenient standard and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the Defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in Plaintiffs are dismissed without prejudice. The class representatives—*i.e.*, the original Plaintiffs—proceed to trial on their individual claims.

*Mooney,* 4 F. 3d at 1213–14. Courts in the Eastern and Western Districts of Arkansas have followed the framework of the two-tiered approach outlined in *Mooney*. *See, e.g.*, Order at 6–7, *Lochridge v. Lindsey Management, et al*., 5:12-CV-05047 (W.D. Ark. Feb. 4, 2013), ECF No. 61; Order at 4, *Teramura v. Walgreen Co.*, 5:12-cv-5244 (W.D. Ark. Mar. 7, 2013), ECF No. 39; Order at 3–4, *Taylor v. Drugstore Cowboys Inc*, Case No. 4:11-cv-269 (E.D. Ark. Mar. 22, 2012), ECF No. 65; *Watson v. Surf-Frac Wellhead Equipment Co., Inc*., No. 4:11-cv-843 KGB, 2012 U.S. Dist. LEXIS 150968, at *2–3 (E.D. Ark. Oct. 18, 2012) (collective class certification granted Oct. 18, 2012); *In re Pilgrim's Pride Fair Labor Stds. Act Litig.*, 2008 U.S. Dist. LEXIS 93966, at *6–9 (W.D. Ark. Mar. 13, 2008); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941 (W.D. Ark. 2003).

At the notice stage, a court does not make findings on legal issues or focus on

whether there has been an actual violation of the law. *Pilgrim's Pride*, 2008 U.S. Dist. LEXIS 93966, at *9. The Court also refrains from making credibility determinations or resolving contradictory evidence. *Id.* The plaintiff's burden is "lenient" and may be met by making substantial allegations of class-wide discrimination that are supported by affidavits. *Freeman*, 256 F. Supp. 2d at 941.

Not only is fact finding as to the merits inappropriate at the notice stage, but so is fact finding as to the issue of whether plaintiffs and other class members are similarly situated. *See id*. (stating that courts do not *resolve contradictory evidence*); *see also generally, Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218 (S.D. Ala. 2008). In *Longcrier v. HL-A Co., Inc.*, six plaintiffs in the Southern District of Alabama moved to certify a class consisting of all hourly employees who were employed by defendant in various capacities at its automobile parts manufacturing facility at any time during the three years preceding the filing of the complaint. *Id*. at 1220–21. Even with so broad a proposed class, the court granted plaintiffs' motion for certification and court-approved notice. *Id*. at 1242.

The defendant argued that the plaintiffs were not "similarly situated" because the hourly positions held by putative class members covered a wide range of job titles, duties, pay ranges, and supervisors. *Id*. at 1238. Over the defendant's objections, the court held that plaintiffs' declarations and complaint allegations amounted to a substantial showing that all defendant's nonexempt employees were treated similarly and were subject to the same pay practices and policies with regard to "off-the-clock" work, rounding hours, and unpaid work during meal breaks. *Id*.

Importantly, the court further explained how factual disputes over the "similarly

situated requirement should be resolved at the second stage:

> At most, Defendant's evidence may create disputes of fact as to whether all hourly employees are or are not subject to the same policies. Those factual disputes may properly be addressed after discovery at the second stage of the FLSA collective action process . . . , but they do not constitute a valid basis for denying conditional class certification today.

*Id*. (citing *Carmody v. Florida Ctr. For Recovery, Inc.*, No. 05-14295-Civ-MARRA/SELTZER, 2006 U.S. Dist. LEXIS 81640, at *4 (S.D. Fla. Nov. 7, 2006) (explaining that it would be improper to indulge in fact-finding to determine conclusively as to whether the putative plaintiffs are similarly situated, where pleadings and supporting affidavits alleged facts sufficient to satisfy conditional class certification inquiry).

Because of this lenient standard, and because courts do not resolve disputes of fact at this stage, courts regularly grant conditional certification based solely upon a plaintiff's complaint and supporting affidavits. *See Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) ("In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiffs' affidavits."); *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007) ("At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members."); *Resendiz-Ramirez*, 515 F. Supp. 2d at 940; Op. and Order, *Lopez v. Ozark Mountain Poultry, Inc.*, Case No. 5:13-cv-5272-TLB (W.D. Ark. June 17, 2014), ECF No. 34 (certifying a class based on a single declaration).

Further, a plaintiff need not show that her position is identical to the putative class members' positions, only that her position is similar to those of the absent class

members. *Freeman*, 256 F. Supp. 2d at 941 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). The “similarly situated” determination requires only a modest factual showing. *Perez-Benites v. Candy Brand, LLC*, No. 07-CV-1048, 2008 U.S. Dist. LEXIS 91402, at *3 (W.D. Ark. Oct. 31, 2008). Although not defined by the FLSA, case law typically requires some showing that the plaintiff and putative members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *Smith v. Frac Tech Services, Ltd.*, 4:09-CV-679-JLH, 2009 U.S. Dist. LEXIS 109930, at *13 (E.D. Ark. Nov. 24, 2009) (citing *Resendiz-Ramirez,* 515 F. Supp. 2d 937); *Katusch v. Premier Communications*, 504 F. Supp. 2d 685 (W.D. Mo. 2007)); *see also Thiessen,* 267 F.3d at 1102 (first-round “similarly situated” determination “requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.”).

Notably, a court in the Eastern District of Texas, the Hon. Leonard Davis presiding, granted the conditional certification of a nationwide class of employees against the defendant in that case when, only one plaintiff appeared at the beginning of the case, and only offered the sworn testimony of that one plaintiff at the time that the motion for conditional certification was filed. Order, *Gauthier, v. TriCan Well Servs. Ltd.*, 6:13-cv-46-LED (E.D. Tex. Oct. 7, 2013), ECF No. 17. It simply is not required that there be more than one plaintiff to initiate a conditional collective action under Section 216 of the FLSA. Indeed, the purposes of the certification process are best served when the fewer, more vocal, employees assert rights on behalf of the larger group against the defendant.

2. This Court should conditionally certify the class proposed by Plaintiffs.

This case is at the notice stage and as such is subjected to the lenient standard based solely on pleadings and affidavits. The pleadings and attached affidavit contain an abundance of information supporting Plaintiffs' claim that there are many other individuals similarly situated. Plaintiffs represent a class of tipped employees who entered into a relationship with Defendant for the purpose of earning money by serving customers for Defendant. Every tipped employee's relationship with Defendant was subject to Defendant's universal policies, which violated the FLSA, among other laws.

Specifically, Plaintiffs and the members of the putative class were all employed by Defendant as tipped employees to work at U.S. Pizza Co. restaurants throughout Central Arkansas. Complaint ¶ 23-25. ECF No. 1; Declaration of Cornelia Kuehl (hereinafter "Decl. Kuehl") ¶ 3–7, 12-15. ECF No. 10-7; Declaration of Jana Latcham (hereinafter "Decl. Latcham") ¶ 3–7, 12-15. ECF No. 10-8. The duties performed by Plaintiffs and the members of the putative class included taking customer orders, bringing food to customers' tables, and otherwise meeting the dining needs of Defendant's customers. Decl. Kuehl ¶ 8. ECF No. 10-7; Decl. Latcham ¶ 8. ECF No. 10-8. These were job duties that all members of the putative class performed. Decl. Kuehl ¶ 9-11. ECF No. 10-7; Decl. Latcham ¶ 9-11. ECF No. 10-8. In addition to serving customers, Plaintiffs and the members of the putative class were required to perform tasks not related to serving customers, such as answering phones, cutting fruit, and folding pizza boxes. Decl. Kuehl ¶ 13-14. ECF No. 10-7; Decl. Latcham ¶ 13-14. ECF No. 10-8. Plaintiffs and the members of the putative class spent more than 20% of their time on tasks not related to serving customers. Decl. Kuehl ¶ 14. ECF No. 10-7; Decl.

Latcham ¶ 14. ECF No. 10-8.

Plaintiffs were paid an hourly rate of $2.63 per hour, regardless of the type of work they performed. Decl. Kuehl ¶ 12-13. ECF No. 10-7; Decl. Latcham ¶ 12-13. ECF No. 10-8. This was also true for the members of the putative class. Decl. Kuehl ¶ 7, 12. ECF No. 10-7; Decl. Latcham ¶ 7,12. ECF No. 10-8. Plaintiffs and members of the putative class depended primarily upon payment of tips by customers to earn minimum wage. Decl. Kuehl ¶ 15. ECF No. 10-7; Decl. Latcham ¶ 15. ECF No. 10-8. Despite this fact, Defendant implemented a mandatory policy of collecting tips earned by tipped employees, and redistributing those tips, including to individuals who do not have contact with customers and not customarily, regularly, or usually receive tips. Decl. Kuehl ¶ 16. ECF No. 10-7; Decl. Latcham ¶ 16. ECF No. 10-8. This policy was used throughout Defendant's U.S. Pizza Co. locations. Decl. Kuehl ¶ 16-18. ECF No. 10-7; Decl. Latcham ¶ 16-18. ECF No. 10-8.

Because of Defendant's policies and practices, including Defendant's practice of redistributing tips to employees who do not customarily receive tips, Plaintiffs and putative class members were not paid a minimum wage. Defendant was aware of the unlawful redistribution of tips. Decl. Kuehl ¶ 18-19. ECF No. 10-7; Decl. Latcham ¶ 18-19. ECF No. 10-8. These are the common policies imposed by Defendant that resulted in the violations of the FLSA alleged by Plaintiffs for the entire class. The policies discussed above affected a significant number of individuals, as Plaintiffs estimate that there are at least 200 class members. Decl. Kuehl ¶ 20. ECF No. 10-7; Decl. Latcham ¶ 20. ECF No. 10-8.

The allegations made by Plaintiffs establish that Plaintiffs and the members of the

putative class are similarly situated for purposes of conditionally certifying this case and providing the putative class members with notice and an opportunity to join this action. Defendant's policies and procedures described above are uniformly applicable to Plaintiffs and the members of the putative class, making this case ideally suited for conditional certification.

### B. This Court Should Approve Plaintiffs' Proposed Collective Action Notice and Consent Forms, Grant Leave for Plaintiffs to Send Notice through Email, and Order Defendant to Provide Contact Information for Potential Opt-Ins.

A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012). In *Hoffmann-La Roche*, the Supreme Court held that notice should be sent in the early stages of litigation, noting the "wisdom and necessity" of early court involvement in managing opt-in cases and facilitating notice. 493 U.S. 165, 171 (1989). Sending court-approved notice early in a case promotes the "broad remedial purpose" of the FLSA and promotes efficient management by insuring that similar cases are combined in one proceeding. *Dybach v. Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567 (11th Cir. 1991); *Hoffman v. Sbarro Corp.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) ("courts have endorsed the sending of notice early in the proceedings, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."). Notice of a collective action should be calculated to reach the largest possible number of potential opt-in plaintiffs. *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685, 690 (W.D. Mo. 2007) ("justice is most readily served by notice reaching the largest number of potential plaintiffs.").

In order to facilitate the most efficient and inclusive notice of FLSA collective

actions, district courts in Arkansas have ordered that notices be distributed by mail, email, and news media, and that notices be posted conspicuously in class members' workplaces. In *Lopez v. Ozark Mountain Poultry, Inc.*, for example, the court held that "utilizing Defendants' email system to notify employees of alleged violations of federal wage-and-hour committed by their employer is, by definition, a purpose related to the business itself," and therefore an appropriate use of an FLSA defendant's email system. W.D. Ark. Case No. 5:13-cv-5272(TLB), Doc. 34, 9 n. 4 (6/17/2014). In a case where the defendant had no business email system, the court in *Bonton v. Centerfold Entertainment Club, Inc.*, ordered the disclosure of any personal email addresses of potential class members of which the defendant was aware, and further permitted notice through an advertisement on Facebook. W.D. Ark. Case No. 6:14-cv-6074 (RTD), Doc. 12, 6-7 (10/9/2014).

This Court should approve Plaintiffs' proposed collective action class mail Notice, mail Consent form, and Follow-Up Postcard to be sent through U.S. Mail. The mail version of the *Notice* (ECF No. 10-1) and *Consent to Join* (ECF No. 10-2) proposed by Plaintiffs provide a fair and accurate description of the class and would further the remedial goals of the FLSA and promote judicial efficiency. Plaintiffs request that the Court grant counsel a period of ninety (90) days, running from the date on which the Defendant releases the potential class members' contact information to Plaintiffs' counsel, during which to distribute notice and file opt-in plaintiffs' consent forms with the Court. Ninety days is a common opt-in period for collective actions, and will allow Plaintiffs a reasonable time to distribute notices, respond to inquiries, and file consent forms. *See Watson*, 2012 U.S. Dist. LEXIS 150968 at 10 (collective class certification

granting a ninety day opt-in period); *Ondes v. Monsanto* Co., 2012 U.S. Dist. LEXIS 2596, 3 (E.D. Mo. 1/10/2012) (approving a ninety day opt-in period); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 4/10/2012) ("Notice periods may vary, but numerous courts around the country have authorized ninety day opt-in periods for collective actions.").

Additionally, Plaintiffs ask this Court for permission to send the Follow-Up Postcard (ECF No. 10-5) to potential opt-ins who do not respond after thirty (30) days of sending the notice to reduce the risk of mail delivery problems. Mail delivery problems are unavoidable in these cases. *See* Decl. of Josh Sanford ("Sanford Decl."). ECF No. 10-6. The courts in both *Lopez* and *Bonton* also permitted Plaintiffs to send a follow-up postcard to potential opt-in plaintiffs who did not respond within thirty (30) days of the distribution of the court-approved notice. *Lopez*, W.D. Ark. Case No. 5:13-cv-5272(TLB), Doc. 34, 9-10; *Bonton*, W.D. Ark. Case No. 6:14-cv-6074(RTD), Doc. 12, 8. In Plaintiffs' counsel's experience, issuance of a follow-up postcard is an effective way to mitigate inevitable problems with lost mail. Sanford Decl., ECF No. 10-6. In addition to mailed or emailed notices, Courts have observed that it is standard in FLSA cases for notices to be posted in the affected workplaces for the benefit of current employees. *Cruthis v. Vision's*, 2013 U.S. Dist. LEXIS 111156, 21 (E.D. Ark. 8/7/2013) ("courts routinely approve requests to post notice in common areas or on employee bulletin boards, even if there is an alternative form of notice") (quoting *Putnam v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 277-78 (S.D. Iowa 2011)).

Plaintiffs also request that this Court grant them permission to include a copy of Plaintiffs' Original Complaint—Collective Action, along with the Notice, and Defendant

should be given the courtesy of having included its Answer to the same, if it so requests. The purpose of including such pleadings is to provide putative class members with more specific information regarding the case without cluttering up the Notice with the parties' relative positions, meaning those putative class members who are not interested in the current lawsuit are not forced to read through excessive amounts of information while perusing the Notice, but those putative class members who are interested have basic additional information at their fingertips. Putative class members will more readily be able to make an informed decision about whether to join the lawsuit. Moreover, since Plaintiffs bear the initial cost of providing notice in FLSA cases, there will be no additional financial burden on Defendant or the judicial system in including these two pleadings along with the Notice.

Plaintiffs request that they be permitted to provide putative class members with electronic versions of the *Notice* (ECF 10-1), and *Consent* (ECF No. 10-4) through any email accounts maintained by putative class members, and that this Court approve of the proposed text for the body of the emails (ECF No. 10-3). Providing notice via email enables more class members to receive actual notice. Recognizing this fact, courts frequently permit the emailing of notice to putative class members, even when the notice has also been approved for other means of distribution such as mailing. *See Margulies v. Tri-County Metro. Transp. Dist. of Or.*, 2013 U.S. Dist. LEXIS 146484, *59–61 (D. Or. Oct. 10, 2013) (citing *Alequin v. Darden Rests., Inc.*, No. 12-61742-CIV, 2013 U.S. Dist. LEXIS 108341 (S.D. Fla. July 31, 2013)); *Ritz v. Mike Rory Corp.*, 12 CV 367 (JBW)(RML), 2013 U.S Dist. LEXIS 61634 (E.D.N.Y. Apr. 30, 2013); *Rehberg v. Flowers Foods, Inc.*, No. 3;12cv596, 2013 U.S. Dist. LEXIS 40337 (W.D.N.C. Mar. 22, 2013);

*Jones v. JGC Dallas LLC*, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 185042 (N.D. Tex. Nov. 29, 2012) (collecting cases approving email notice in FLSA cases).

In addition to the reasons for emailing notice cited by courts such as *Margulies* and *Atkinson*, there are other reasons to permit the emailing of notice. Email is more reliable than regular mail—if there is a problem with delivery the sender is notified almost immediately rather than days, weeks, or months later. Email addresses are "portable" in that a person can and often does maintain his or her same email address, even after changing residences. Also, email can be checked from any location, not just at home, increasing the likelihood that it will be received by the putative class member.

Finally, Plaintiffs also ask the Court to order Defendant to post the Notice at its restaurants in the same areas in which it is required to post government-required notices to ensure current employees receive notice of the lawsuit, even if they have not kept their addresses up-to-date, and to maintain an adequate supply of Consent to Join Collective Action forms for use by potential plaintiffs.

Employers are required to maintain contact information for their employees. 29 C.F.R. § 516.2(a). Because this information is within the exclusive control of the employer, courts routinely order defendants to disclose the names and addresses of class members upon certification of a collective action class. *Hoffmann-La Roche*, 493 U.S. at 170; *Bonton*, W.D. Ark. Case No. 6:14-cv-6074 (RTD), Doc. 12 at 6 (allowing defendant fourteen days to produce contact information for class members); *Watson*, 2012 U.S. Dist. LEXIS 150968 at 10 (same). Therefore, Plaintiffs ask this Court for an Order directing Defendant to provide, within one week of the entry of the Order, the

names and contact information of anyone who worked for Defendant as a tipped employee after August 12, 2013. Specifically, Plaintiffs ask that Defendant be ordered to provide the following information in an editable electronically format, such as Microsoft Excel: (1) the name of each member of the collective action class; (2) the last known home and work addresses of each member of the collective action class; and (3) any known email address(es) of each member of the collective action class.

## IV. CONCLUSION

Plaintiffs have met the lenient burden imposed at the conditional certification stage. Because Defendant's policies that underlie Plaintiffs' allegations of FLSA violations are the same for Plaintiffs and all of the putative class members, Plaintiffs and putative members are similarly situated as victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion. *Smith*, 2009 U.S. Dist. LEXIS 109930, at *13 (citing *Resendiz-Ramirez*, 515 F. Supp. 2d 937). Accordingly, the Court should certify the class as requested by Plaintiffs. Plaintiffs further respectfully request this Court: (1) order Defendant to produce the contact information of those putative class members, no later than one week after the date of the entry of the Order granting the current motion; (2) approve the *Notice* and *Consent* to join; (3) approve the sending of the *Notice* and *Consent*, and Plaintiffs' Complaint and Defendant's Answer, if any; (4) approve the sending of the *Postcard* and follow-up email; (5) approve of notice through both U.S. mail and email; and (6) grant counsel a period of ninety (90) days from the date Defendant fully and completely releases the potential class members' contact information during which to distribute the *Notice* and to file *Consent* forms.

Respectfully submitted,

**JANA LATCHAM and CORNELIA KUEHL, Each Individually and on Behalf of all Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and */s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on date imprinted by the CM/ECF system, a true and correct copy of the foregoing BRIEF was filed via the CM/ECF system and that the attorneys named below have consented to the electronic distribution of pleadings by the CM/ECF system:

William Stuart Jackson, Esq.
Jane A. Kim, Esq.
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
wjackson@wlj.com
jkim@wlj.com

*/s/ Josh Sanford*
**Josh Sanford**